UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN WILLIAM MCQUENNIE | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-00432 |
| | : | |
| v. | : | |
| | : | |
| CARPENTERS LOCAL UNION 429, ET AL. | : | NOVEMBER 9, 2015 |
| | : | |
| Defendants. | : | |

**RULING ON DEFENDANTS'**
**MOTION TO DISMISS AND TRANSFER VENUE**

**I.    INTRODUCTION**

Plaintiff, Stephen William McQuennie, filed this action *pro se* against Carpenters Local Union 429, Southwest Carpenters Pension Trust (the "Trust"), Central South Carpenters Regional Counsel, Jason B. Engels in his official capacity as Executive Secretary Treasurer, and Carpenters Local Union 209 ("Local 209") (collectively, "Defendants"). Mr. McQuennie claims that Defendants denied him pension benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). *See* Amend. Compl. at 2, ECF No. 36-1. The Trust and Local 209 move under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue and transfer this action to the Central District of California. For the reasons that follow, the motion is DENIED.

**II.   STANDARD OF REVIEW**

"In deciding a Rule 12(b)(3) motion to dismiss based on improper venue, [t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and [w]hen an allegation is so challenged [a] court may examine facts outside the complaint to determine whether venue is proper." *Quinn v. Fishkin*, No. 3:14-cv-1092 (AWT), 2015 WL

1

4635770, at *3 (D. Conn. Aug. 4, 2015) (internal quotation marks and citation omitted).  "[T]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff, who has the burden of showing that venue in the forum is proper."  *Id.* (internal quotation marks and citation omitted).  "If the venue is not proper, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'"  *Id.* (quoting 28 U.S.C. § 1406(a)).  "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

### III.  DISCUSSION

####   A.  Venue Under ERISA

ERISA has its own venue provision.  An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ."  29 U.S.C. § 1132(e)(2).  Mr. McQuennie has the burden of establishing that he has chosen the proper venue for his ERISA action.  *See Anonymous v. Kaye*, 104 F.3d 355 at *2 (2d Cir. 1996) ("On a motion to dismiss for improper venue, the plaintiff has the burden of establishing that it has chosen the proper venue.").

As to the first prong, a plan is "administered" in the district where it is managed or directed.  *Ret. Plan of Unite Here Nat'l Ret. Fund v. Vill. Resorts, Inc.*, No. 08 Civ. 4249 (RPP), 2009 WL 255860, at *3 (S.D.N.Y. Feb. 3, 2009) (collecting cases).  Defendants submitted an affidavit from the Trust's pension manager, who attests that the Trust's pension plan is administered in Los Angeles, California, and that the Trust itself is headquartered in Los Angeles and has no offices or employees in Connecticut.  ECF No. 37-5 ¶ 3.  The Trust does not create, store, or maintain records or documents in Connecticut.  *Id.* ¶ 20.  Nor does the Trust represent

employees of employers located in Connecticut, or receive pension contributions for work performed in Connecticut by employees of employers in Connecticut. *Id.* ¶ 4.

Mr. McQuennie's opposition memorandum does not contest Defendant's well-supported assertion that the alleged plan he seeks to enforce is administered in California, and his Amended Complaint contains no allegations even suggesting that the alleged plan is administered in this district. Accordingly, he has not carried his burden to show that venue is proper in this district under the first prong of ERISA's venue provision.

As to the second prong, the Second Circuit has not addressed the question of where a breach takes place for purposes of ERISA's venue provision. There appear to be two schools of thought. Most courts have held that a breach takes place where the beneficiary was to receive benefits. *Roshinsky v. Reynolds*, No. 06-CV-6340 (CJS), 2008 WL 2827528, at *3 (W.D.N.Y. July 21, 2008) (collecting cases and concluding that venue was appropriate in district where plaintiff "was supposed to receive his benefits, i.e., his residence"). A minority of courts have held that a breach takes place where the decision was made to terminate or deny benefits. *See Barnum v. Mosca*, No. 108-CV-567 (LEK/RFT), 2009 WL 982579, at *2 (N.D.N.Y. Apr. 13, 2009) (collecting cases from other jurisdictions in which courts held that breach takes place where decision was made to terminate benefits, but joining majority of courts holding that breach takes place where plaintiff was to receive benefits).

In joining the majority, the *Barnum* court reasoned that (i) ERISA's legislative history indicates Congress's intent to give ERISA plaintiffs a wide choice of venue in the federal courts; (ii) equating the place of breach with the location of the decision-making or processing of a plan would render superfluous the portion of 29 U.S.C. § 1132(e)(2) providing that venue is appropriate "where the plan is administered"; and (iii) a breach of contract generally occurs

where the contract is to be performed, which, in the case of a benefits plan, is where the plaintiff was to receive benefits. *Id.* at *3-4.

This Court has previously indicated, in dicta, its alignment with the majority school. *Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*, No. 3:06-cv-2065 (CFD), 2008 WL 2228841, at *2 (D. Conn. May 27, 2008) ("[F]or purposes of venue under ERISA, a plan is breached at the location where benefits were to have been received . . . ."). This ruling will continue that trend and conclude that, for purposes of ERISA's venue provision, a breach takes place where the plaintiff was to receive benefits.

Defendants urge the Court to conclude that Connecticut is not the situs of the breach because Mr. McQuennie "never received any pension payments that were later stopped qualified or reduced, which is the sole basis for finding the breach occurred where the beneficiary lives and was receiving benefits before the breach." ECF No. 37-1 at 8. In support of this proposition, Defendants rely on *Roshinsky*, where the Court concluded that the breach took place at "the situs at which Plaintiff has historically received the benefits that he now claims are being denied him." *Roshinsky*, 2008 WL 2827528, at *3.

Defendants' argument appears to be that, because Mr. McQuennie did not "historically" receive benefits in Connecticut, the alleged breach could not have taken place in Connecticut. *Roshinsky* does not stand for that proposition. The *Roshinsky* court noted that "the vast majority of district courts . . . have concluded that, in ERISA cases involving the denial of benefits, venue under 29 U.S.C. § 1132(e)(2) is appropriate where the beneficiary was supposed to receive his benefits, i.e., his residence." *Roshinsky*, 2008 WL 2827528, at *3. A plaintiff who never received allegedly due benefits "was supposed to receive" them somewhere. *Roshinsky* cannot be read to require an ERISA plaintiff to have previously received benefits in a district in order to

4

have suffered a breach in that district. Those facts were not presented in *Roshinsky*, *see id.*, and that result would not be consistent with Congress's intent to eliminate procedural obstacles for ERISA plaintiffs, *see Barnum*, 2009 WL 982579, at *3.

Mr. McQuennie complains that Defendants have denied his claim for pension benefits "[s]ince the month of March 2012[.]" Amend. Compl. at 2. Consistent with its obligations to construe liberally *pro se* pleadings, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), and to "draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff[,]" *Quinn*, 2015 WL 4635770, at *3, the Court will construe Mr. McQuennie's pleading to allege that his claim for pension benefits continues to be denied to this date. Because Mr. McQuennie resides in Connecticut, he most recently was to receive benefits, if any, in Connecticut, and thus the alleged breach, if any, took place in Connecticut. Accordingly, venue is proper in this district.

      **B.**      **Transfer Under 28 U.S.C. § 1404(a)**

Defendants seek, in the alternative, a transfer under 28 U.S.C. § 1404(a), which permits the court to transfer a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice." *See, e.g.*, *Semente v. Empire Healthchoice Assurance, Inc.*, No. 14-CV-5644 (JMF), 2014 WL 4967193, at *1 (S.D.N.Y. Sept. 29, 2014) ("Even if venue is proper . . . the Court may still transfer the case to a more appropriate forum pursuant to Section 1404(a).").

"On a motion to transfer under section 28 U.S.C. § 1404(a) . . . the burden is on the movant to show that the transfer is justified. . . . Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum . . . discretionary transfers are not favored." *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010) (internal quotation marks and citations omitted).

A district court has considerable discretion when deciding whether such a transfer is appropriate, but should consider the following factors: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).

### 1. Plaintiff's Choice of Forum

Mr. McQuennie chose this district as the forum for his lawsuit. A plaintiff's choice of forum is normally given significant deference, *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003), and receives even greater deference in ERISA cases, given the statute's intention to provide plan participants ready access to the federal courts, *Kiley v. AchieveGlobal, Inc.*, No. 3:05-cv-1658 (RNC), 2006 WL 2475248, at *3 (D. Conn. Aug. 24, 2006) (effectuating ERISA's policy goal of providing wide access to federal courts for ERISA claimants "requires giving substantial weight to an ERISA plaintiff's choice of forum"); *Tritt*, 2008 WL 2228841, at *2 (plaintiff's choice of forum receives greater deference "because Congress purposefully enacted a broad venue provision for ERISA cases").

The Court recognizes that a plaintiff's choice may be entitled to less deference where the only connection between the action and the forum state is that the plaintiff resides in the forum state. *Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F. Supp. 2d 218, 220 (D. Conn. 2003) (concluding, in non-ERISA case, that plaintiff's choice of forum was "not controlling" because "the only connection this cause of action has with the state is that the plaintiff resides here"). But the Court concludes that the Congressional purpose behind ERISA's venue

provision overrides that consideration in this case. As a result, substantial deference must be given to Mr. McQuennie's choice of forum, and this factor weighs against transfer.

### 2. Convenience of Witnesses

The convenience of the parties and witnesses are "generally the most important factors in a court's determination of whether to grant a motion to transfer." *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F. Supp. 2d 498, 505 (D. Conn. 2013) (internal quotation marks and citation omitted). Apart from Mr. McQuennie, no potential witnesses are located in this district. Most would need to travel from California to testify at any proceeding. However, Defendants point out that this case is likely to be resolved by dispositive motions. ECF No. 47 at 5; ECF No. 37-1 at 12. Thus, "the procedural posture of this case renders the convenience of the witnesses less significant than in cases where witness testimony will undoubtedly be required." *Tritt*, 2008 WL 2228841, at *3. The Court finds that this factor weighs in favor of transfer.

### 3. Location of Relevant Documents

Almost all documentation relating to Mr. McQuennie's work history and claims to pension benefits is located in California. "It is well established, however, that modern photocopying technology and electronic storage deprive this issue of practical or legal weight." *Id.* (internal quotation marks and citation omitted). The Court finds this factor weighs only slightly in favor of transfer.

### 4. Convenience of Parties

As noted *supra*, litigating in this district will be convenient for Mr. McQuennie and inconvenient for Defendants to the extent that Defendants need to appear in this district for any proceedings. This factor weighs in favor of transfer.

### 5. Locus of Operative Facts

"The locus of operative facts is a primary factor in determining whether to transfer venue." *Allstate Prop. & Cas. Ins. Co. v. Titeflex Corp.*, No. 3:14-cv-945 (MPS), 2015 WL 1825918, at *4 (D. Conn. Apr. 22, 2015) (internal quotation marks and citation omitted). "Although [c]ourts generally do not disturb a plaintiff's choice of forum unless other factors strongly favor transfer . . . A plaintiff's choice of forum receives less deference . . . when the locus of operative facts lies elsewhere." *Id.* (internal quotation marks and citation omitted).

Defendants have shown, and Mr. McQuennie does not contest, that all operative facts occurred in the Central District of California, including Mr. McQuennie's work in the late 1980s that resulted in contributions to the Trust, his history of interactions and communications with the Trust, and the Trust's denial of his claims. The only relationship that Connecticut has to this case is the fact that Mr. McQuennie now resides here. The locus of operative facts is therefore in the Central District of California. As a result, Mr. McQuennie's choice of forum in Connecticut is afforded somewhat less deference. *See id.* This factor weighs in favor of transfer.

### 6. Availability of Process to Compel Attendance of Unwilling Witnesses

Defendants concede that it is unlikely that any non-party witnesses will be compelled to testify in this case. All potential witnesses seem to be within Defendants' control. The Court finds this factor neutral.

### 7. Relative Means of the Parties

Mr. McQuennie alleges that he is indigent and cannot afford to pursue his claim in California. *See* ECF No. 42 ¶¶ 4.b, 9.d. He fears that his limitations in this regard may result in a default against him. *See id.* ¶ 9.b. Defendants, on the other hand, have substantial resources to litigate in this district. In light of the disparity in means between the parties, the fact that Mr.

8

McQuennie is *pro se*, and the potential hardship Mr. McQuennie may suffer if this case is transferred to California, the Court finds that this factor weighs against transfer. *See Tritt*, 2008 WL 2228841, at *4; *Kiley*, 2006 WL 2475248, at *3 ("Connecticut is more convenient for plaintiffs, whose means are more limited than defendant's.").

While the convenience of witnesses and locus of operative facts weigh heavily in favor of transferring this action, the Court finds more compelling the considerations that (i) Mr. McQuennie has chosen to sue in his home forum, which "choice is generally entitled to great deference" and "should rarely be disturbed," *Pollux*, 329 F.3d at 71, (ii) Mr. McQuennie's choice of forum receives even greater deference in the ERISA context, *Tritt*, 2008 WL 2228841, at *2; and (iii) Defendants have much greater means to litigate in this district than Mr. McQuennie, who is *pro se*, has to litigate in California.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss and Transfer Venue (ECF No. 37) is DENIED.

SO ORDERED at Bridgeport, Connecticut this ninth day of November, 2015.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE