UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN WILLIAM MCQUENNIE, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-00432 (VAB) |
| | : | |
| v. | : | |
| | : | |
| CARPENTERS LOCAL UNION 429, ET AL., | : | FEBRUARY 23, 2016 |
| | : | |
| Defendants. | : | |

**RULING AND ORDER**

Plaintiff, Stephen William McQuennie, filed this action *pro se* against Carpenters Local Union 209 ("Local 209"), Carpenters Local Union 429 ("Local 429"), Southwest Carpenters Pension Trust (the "Trust"), Central South Carpenters Regional Council (the "Council"), and Jason B. Engels in his official capacity as Executive Secretary Treasurer of the Council (collectively, "Defendants"). Mr. McQuennie claims denial of pension benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). *See* Am. Compl. at 2, ECF No. 36-1. This ruling addresses a number of pending motions, concludes that Mr. McQuennie has not raised a genuine dispute of material fact and, therefore, grants Defendants' motions for summary judgment and closes this case.

**I.   Motion to Appoint Counsel (ECF No. 78)**

Months after discovery commenced, and less than one month before dispositive motions were due, Mr. McQuennie moved for appointment of counsel. "There is no right to the appointment of counsel in civil cases." *United States v. Sash*, 581 F. Supp. 2d 647, 649 (S.D.N.Y. 2008). District courts have broad discretion in deciding whether to appoint counsel.

1

*Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  The Court must first "determine whether the indigent's position seems likely to be of substance." *Id.* at 61; *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (likelihood of merit is "a threshold showing . . . in deciding whether to appoint counsel").  If the Court finds that this threshold requirement is satisfied, then the Court should consider additional factors.  *See Hodge*, 802 F.2d at 61-62.  Here, the Court concludes that Mr. McQuennie's claims are not of substance or merit, and therefore denies his motion for appointment of counsel.

As discussed *infra*, Mr. McQuennie claims fail.  Mr. McQuennie seeks to recover pension benefits, but his action may be maintained only against a covered plan, administrator, or trustee.  *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 108 n.2 (2d Cir. 2008).  Local 209, Local 429, the Council, and Jason B. Engels have shown that they are not plans, administrators, or trustees, and therefore cannot be held liable under Mr. McQuennie's ERISA claims.  The remaining Defendant against whom an ERISA claim could lie – the Trust – has shown that it denied Mr. McQuennie's claim for benefits in 1992, and that his ERISA claim, brought over twenty-two years later, is time-barred, and that Mr. McQuennie failed to exhaust his administrative remedies.  The Court concludes that Mr. McQuennie's showing of merit is insufficient to warrant an appointment of counsel.  *See Cooper*, 877 F.2d at 174 ("Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention."); *Hodge*, 802 F.2d at 60 (2d Cir. 1986) ("where 'the plaintiff's claims are so highly dubious that a judge cannot properly ask a member of the bar to assume this thankless burden,' appointment of counsel is properly denied.") (quoting *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961)).

**II.     Motion to Amend (ECF No. 110)**

Mr. McQuennie moved, after the close of discovery, to amend his complaint for a third time. He seeks to add North Texas Carpenters Retirement Plan as a defendant. His motion is untimely; the deadline to join additional parties was August 14, 2015. Scheduling Order, ECF No. 61. Moreover, his proposed amended complaint does not contain any substantive allegations against the proposed new defendant, and does not contain any allegations against the other Defendants in this case. *See* Proposed Am. Compl., ECF No. 110-1. As discussed herein, Mr. McQuennie's case lacks merit, and the Court finds that justice does not require granting Mr. McQuennie leave to amend his complaint for a third time to add a new defendant long after the deadline for doing so, after the close of discovery, and after summary judgment motions have been briefed. *See Phelan v. Cambell*, 507 F. App'x 14, 16 (2d Cir. 2013) (district court did not abuse discretion in denying *pro se* plaintiff's motion to add new defendants after close of discovery; "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action") (quoting *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998)).

**III.    Motion for Extension of Discovery Deadline (ECF No. 82)**

Mr. McQuennie moved to "extend the period of discovery until all the discoverable evidence is gathered and presented to The Court." ECF No. 82 ¶ 6. This motion must be denied.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The burden of demonstrating good cause rests with the movant[,]" and the good cause inquiry is focused primarily on "the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282

F.R.D. 76, 79 (S.D.N.Y. 2012) (citing *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007) and *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009)).

Mr. McQuennie's motion indicates that, with additional discovery time, he would file motions to compel and motions for sanctions. ECF No. 82 ¶ 1. After Mr. McQuennie filed this motion, however, he filed a series of motions to compel, the Court held a discovery conference to resolve the issues presented by those motions, and determined that Defendants were unable to respond to his discovery requests because they did not possess the requested documents and information. *See* Order at ECF No. 109. Mr. McQuennie's motion also suggests that he wants to investigate the closing of the North Texas Carpenters Retirement Plan in 1989, *see* ECF No. 82 ¶ 4, but the Court has ruled that Mr. McQuennie may not amend his complaint to add that entity as a defendant. There is no good cause to reopen or extend the deadline for discovery, and therefore the motion is denied.

### IV. Motions for Summary Judgment (ECF Nos. 79 and 80)

Defendants have moved under Federal Rule of Civil Procedure 56 for summary judgment as to all claims. For the reasons that follow, the motions are GRANTED.[1]

#### A. Standard of Review

The court shall grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he moving party bears the burden of showing that he or she is entitled to summary judgment." *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 809 (2d Cir. 2009). Once the moving party has satisfied that burden, in order to defeat the motion, "the opposing party

---

[1] Mr. McQuennie apparently raises Rule 56(d) as a ground for the Court to defer ruling on Defendants' motions for summary judgment and allow additional time for discovery. *See* Pl.'s Opp. ¶ 13, ECF No. 90. Mr. McQuennie does not submit an affidavit or declaration specifying reasons why he cannot present facts essential to justify his opposition, as required by Rule 56(d). Further, the Court has ruled that it will not reopen or extend the deadline for discovery.

4

must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is material if it "might affect the outcome of the suit under the governing law." *Id.* Disputes concerning immaterial facts do not prevent summary judgment. *See id.*; *Howard v. Gleason Corp.*, 901 F.2d 1154, 1159 (2d Cir. 1990) ("[S]ummary judgment cannot be avoided by immaterial factual disputes."). When ruling on a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Dalberth v. Xerox Corp.*, 766 F.3d 172, 182 (2d Cir. 2014).

**B.     Discussion**

Mr. McQuennie failed to submit a Local Rule 56(a)2 Statement admitting or denying the statements in Defendants' Local Rule 56(a)1 Statements with specific citations to record evidence. As a result, the Court deems admitted all properly-supported allegations in Defendants' Local Rule 56(a)1 Statements.[2] *See* D. Conn. L. Civ. R. 56(a)1, 3 (properly-supported allegations in Local Rule 56(a)1 Statement "will be deemed admitted unless controverted by" opposing party's Local Rule 56(a)2 Statement). Moreover, statements in affidavits that are not contradicted by record evidence or the affiant's own deposition testimony are considered undisputed for purposes of this ruling. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion"); *Ebert v. Holiday Inn*, No. 11 Civ. 4102 (ER), 2014 WL 349640, at *2 (S.D.N.Y. Jan. 31, 2014) ("[T]o the extent that the

---

[2] Defendants complied with their obligations to notify Mr. McQuennie of the consequences of failing to comply with the Federal Rules of Civil Procedure and this Court's Local Rules pertaining to summary judgment. *See* ECF Nos. 79-7 and 81-7.

statements in the . . . Affidavits are not disputed . . . or contradicted by other evidence in the record or by the individuals' own deposition testimony, the Court will consider them in resolving" summary judgment motion).

### 1.     ERISA Claims

Mr. McQuennie claims to have been denied pension benefits owed to him as a result of his work as a carpenter during the 1980s.  *See* Am. Compl. at 2-3, ECF No. 36-1.  He claims a violation of ERISA and seeks to recover benefits.  *See id.* at 2, 5.

"A claim for recovery of benefits under ERISA § 501(a)(1)(B) can be brought only against a covered plan, its administrators or its trustees." *Paneccasio*, 532 F.3d at 108 n.2 (citing *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509–10 (2d Cir. 2002)).  Mr. McQuennie has not raised a genuine dispute as to whether Local 209, Local 429, the Council, or Jason B. Engels are covered plans, administrators, or trustees.

Local 209 is a labor union that does not manage a pension, has no control over pension assets, and does not administrate claims for pension benefits.  *See* Local 209 L.R. 56(a)1 Stmt. ¶¶ 8-24.  Likewise, Local 429 is a labor union that does not manage a pension or make decisions regarding claims for pension benefits; it is not a plan, administrator, or trustee.  *See* Local 429 L.R. 56(a)1 Stmt. ¶¶ 6, 23; Vargas Decl. ¶¶ 6-12.  The Council is a body that governs local labor unions within its geographic region; it is not a pension fund, plan, administrator, or trustee.  Engels Decl. ¶¶ 3, 5, 7, 9, 11-14.  Jason B. Engels is the Executive Secretary Treasurer of the Council; he is not an administrator or trustee of any pension plan identified by Mr. McQuennie.  *Id.* ¶¶ 6, 8, 10.  Because Mr. McQuennie has not raised a genuine dispute as to whether Local 209, Local 429, the Council, and Jason B. Engels are covered plans, administrators, or trustees, Mr. McQuennie's ERISA claims against them fail.

Mr. McQuennie's ERISA claim against the Trust also fails because it is time-barred. "As ERISA does not prescribe a limitations period for actions under § 1132, the controlling limitations period is that specified in the most nearly analogous state limitations statute." *Miles v. New York State Teamsters Conference Pension & Ret. Fund Emp. Pension Ben. Plan*, 698 F.2d 593, 598 (2d Cir. 1983). Here, the most analogous statute is Connecticut's six-year statute of limitations for breach of contract. *E.g.*, *Brunoli v. Fred Brunoli & Sons, Inc. Pension Plan*, 993 F. Supp. 66, 71 (D. Conn. 1997) (applying Connecticut's six-year statute of limitations for breach of contract to ERISA claim to recover benefits); *Venturini v. Metro. Life Ins. Co.*, 55 F. Supp. 2d 119, 120 (D. Conn. 1999) (same).

Mr. McQuennie applied to the Trust for benefits in September 1991. Trust L.R. 56(a)1 Stmt. ¶ 30. On or about June 15, 1992, the Trust sent Mr. McQuennie a letter denying his application for pension benefits, informing him that he had insufficient credits. *Id.* ¶ 36.

"A plaintiff's ERISA cause of action accrues, and the six-year limitations period begins to run, when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries." *Miles*, 698 F.2d at 598. Mr. McQuennie has not submitted any evidence raising a genuine dispute as to the Trust's clear and unequivocal repudiation of his claim for benefits in 1992. *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 49 (2d Cir. 1999) (noting that "a cause of action under ERISA accrues upon a clear repudiation by the plan that is known, or should be known, to the plaintiff" and holding that ERISA claim accrued when plan sent letter denying plaintiff's appeal). Mr. McQuennie did not restart the clock by seeking information about his alleged pension credits in 2012. *See id.* He filed this action well over six years after the Trust clearly and unequivocally denied his claim for benefits, and his claim against the Trust therefore is time-barred.

Furthermore, the June 15, 1992 denial notice informed Mr. McQuennie of his right to seek review of the Trust's decision to deny him benefits, and the procedures to follow to obtain such review.  Trust L.R. 56(a)1 Stmt. ¶ 37; Thompson Aff., Ex. F.  Mr. McQuennie did not seek review of the denial, Trust L.R. 56(a)1 Stmt. ¶ 38, and he has not shown that pursuing available administrative remedies was futile.  Mr. McQuennie failed to exhaust his administrative remedies, and summary judgment is appropriate on this ground as well.  *E.g.*, *Saladin v. Prudential Ins. Co. of Am.*, 337 F. App'x 78, 80 (2d Cir.2009) (affirming district court's grant of summary judgment as to ERISA claim where plaintiff failed to exhaust administrative remedies before filing suit); *Klotz v. Xerox Corp.*, 332 F. App'x 668, 669–70 (2d Cir. 2009) (same).

### 2. Fiduciary Duty Claims

In his Amended Complaint, Mr. McQuennie alleged that Local 429 and its "counterpart in Los Angeles, CA" acted with "callous disregard for their fiduciary responsibilities . . . ."  Am. Compl. at 2.  In an abundance of caution, the Court will construe this allegation to raise a claim for breach of the duty of fair representation against Local 209, Local 429, the Council, and Jason B. Engels (the "Labor Union Defendants"), *Guerrero v. FJC Sec. Servs. Inc.*, 423 F. App'x 14, 15 (2d Cir. 2011) (liberally construing *pro se* plaintiff's complaint asserting ERISA claims to raise claim of breach of duty of fair representation against labor union defendants), and to raise an ERISA claim for breach of fiduciary duty against the Trust.  *See Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015) (court must construe *pro se* pleadings liberally).

Assuming *arguendo* that the Labor Union Defendants owed Mr. McQuennie a duty of fair representation, Mr. McQuennie's purported claims for breach of that duty are untimely.  Claims for breach of the duty of fair representation are subject to a six-month statute of limitations.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155, 169–72 (1983).  They

8

accrue "no later than the time when plaintiffs knew or reasonably should have known that such a breach [of the duty of fair representation] had occurred . . . ." *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995) (internal quotation marks and citation omitted).

Mr. McQuennie's purported claims for breach of the duty of fair representation appear to be based on the Labor Union Defendants' denying that he earned sufficient pension credits. *See* Am. Compl. at 2. Even assuming that Mr. McQuennie first learned about these denials in 2012, rather than in 1992 when he was denied benefits, the claims are time-barred because they were not brought within six months.

Mr. McQuennie's breach of fiduciary duty claim against the Trust is precluded because Mr. McQuennie seeks the same relief he seeks with his denial-of-benefits claim. *Borowski v. Int'l Bus. Machs. Corp.*, 165 F.3d 13, 1998 WL 777457, at *2 (2d Cir. 1998) ("[W]hen an ERISA fiduciary duty claim seeks to recover the same relief requested by a denial-of-benefits claim, the fiduciary duty claim is precluded.").

Even if this claim were not precluded, it is time-barred. ERISA provides the applicable statute of limitations for claims asserting a breach of fiduciary duty:

> . . . the earlier of—(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or . . . (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113.[3]

Mr. McQuennie's purported breach of fiduciary duty claim against the Trust apparently is based on the Trust's denying him pension benefits. *See* Am. Compl. at 2. Mr. McQuennie has not raised a genuine dispute as to whether he had actual knowledge of the Trust's denying him

---

[3] The statute of limitations is different for a fraud or concealment theory. *See* 29 U.S.C. § 1113. Mr. McQuennie has not proceeded on such a theory, and the Court declines to infer that he has.

pension benefits on or about June 15, 1992.  Because this purported claim was brought more than three years after that time, it is barred by the statute of limitations.

## V. CONCLUSION

For the foregoing reasons, Mr. McQuennie's Motion to Appoint Counsel (ECF No. 78), Motion to Amend (ECF No. 110), and Motion for Extension of the Discovery Deadline (ECF No. 82) are DENIED.  Defendants' Motions for Summary Judgment (ECF Nos. 79 and 80) are GRANTED.  The Clerk is directed to close this case.

SO ORDERED at Bridgeport, Connecticut this twenty-third day of February, 2016.

  /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE